IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PURZEL VIDEO GMBH ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-02292 |
| ) | |
| DOES 1-91. ) | **_JURY TRIAL DEMANDED_** |
| ) | |
|     *Defendants*. ) | |
| _____ ) | |

**PLAINTIFF PURZEL VIDEO GMBH'S COMBINED RESPONSE TO THE *PRO SE* OBJECTION SET FORTH IN DOCKET NUMBER 13 AND DOE NUMBER 33'S *PRO SE* MOTION TO QUASH**

Plaintiff files this combined response to the *pro se* objection set forth in Docket No. 13 and Doe Number 33'S *pro se* Motion to Quash filed at Docket Nos. 12 and 12-1. For the reasons set forth herein, Plaintiff requests that discovery proceed in this action, that the Court overrule the *pro se* objection at Docket No. 13 and deny Doe 33's Motion to Quash.

***Pro se* Objection at Docket Number 13 Should be Overruled**

On March 11, 2013, a previously unidentified Doe Defendant submitted a letter to the Court in which he "strongly object[ed] to having his account information released to [Plaintiff]". Docket No. 12-1. The Defendant's objection should be overruled because it is a non-specific objection concerning the release of his account information without any basis. Additionally, the Doe Defendant's motion should be denied as moot because he identifies himself in the motion.

Notably, the Defendant also admits to illegally downloading the copyrighted material in his objection. *Id*. Defendant's admission confirms that Plaintiff's expedited discovery is directed at the appropriate target(s) and the Court should permit such discovery to proceed.

1

**Defendant Doe 33's *pro se* Motion to Quash Should be Denied**

On March 12, 2013, Defendant Doe 33 filed a *pro se* Motion to Quash Plaintiff's subpoena and supplied a cover letter objecting to the release of his or her personal information to Plaintiff's counsel. Docket Nos. 12 and 12-1. As further proof that Plaintiff's expedited discovery is directed at the appropriate target(s), Defendant Doe 33 takes great care to deny liability of his guests, wife and neighbors, yet fails to deny his own liability. Docket No. 12-1. In fact, Doe 33 tacitly concedes that he downloaded the work at issue by rhetorically asking, "Is it possible that malware used my IP address? Of course, there is always that chance." *Id.*

Defendant Doe also repeatedly accuses Plaintiff's counsel of "extortion." This action is not an extortion attempt—it is a viable cause of action supported by evidence (as can be seen from both moving Does' admissions to unlawfully copying Plaintiff's work). *See* Docket Nos. 1 and 3-5. Regardless, courts find such arguments are insufficient to quash subpoenas. As one court stated, "[t]his allegation is not supported in the motion papers or by [the Plaintiff's] actions to date. It is purely speculative and not grounds for allowing the moving defendants to proceed anonymously." *AF Holdings v. Does 1-162,* No. 11–23036, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012)(*citing Liberty Media Holdings, LLC v. Swarm Sharing Hash File AE34*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011). As the *AF Holdings* court noted:

> The only argument remaining—that copyright infringement suits of this sort are baseless "fishing expeditions" used solely to extort money from alleged infringers—amounts to nothing more than an *ad hominem* attack on the Plaintiff. This line of argument fails to persuade. …As one court recently observed,
>
> [P]arties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all the facts involved, including the identities of the parties. The public has a common law right of access to judicial records, and allowing a party to litigate anonymously undermines that public right.

2

*Id.* (quoting *W. Coast Prods, Inc. v. 1-5,829*, 275 F.R.D. 9, 12 (D.D.C. 2011)) (citations omitted). The *AF Holdings* court continued, "[i]t is inappropriate for this Doe Defendant to hurl unsubstantiated personal attacks at the Plaintiff from behind a shroud of anonymity." *Id*.

Regarding the substance of his motion, Defendant Doe 33 argues that the subpoena seeking his or her identifying information should be quashed because the 91 Doe Defendants have been improperly joined. See generally, Docket No. 12. Rule 45 sets forth an exhaustive list of grounds on which as subpoena may be quashed or modified: Fed. R. Civ. P. Rule 45(c)(3). Improper joinder is not among the grounds listed. The District Court of Colorado has agreed with this approach: "the plain language of Rule 45 does not authorize the Court to quash a subpoena based on misjoinder. Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth." *Malibu Media, LLC v. John Does 1-21*, No. 12-cv-008352012, WL 3590902, at *3 (D. Colo. Aug. 21, 2012). The District of Columbia has agreed: "Lack of personal jurisdiction and misjoinder are not delineated under Federal Rule of Civil Procedure 45 as bases to quash a subpoena issued to a third-party." *AF Holding, LLC v. Does 1-1058*, 2012 WL 3204917, at *8.

Besides, as recognized by *AF Holdings,* it is premature to address joinder issues as this stage of litigation. *AF Holdings LLC,* 286 F.R.D. at 54.

WHEREFORE, Plaintiff requests that both the objection at Docket Number 13 and Doe 33's *pro se* motion be denied.

### HEARING REQUESTED

Plaintiff respectfully requests a hearing before the Court. Pursuant to Local Rule 78-4.02(b), a hearing is warranted because it would enable Plaintiff to address any specific issues of concern to the Defendant Does, or to address any questions the Court may have.

3

        Respectfully submitted,
        PLAINTIFF PURZEL VIDEO GMBH

        By its attorneys,
        SIMMONS BROWDER GIANARIS
           ANGELIDES & BARNERD LLC

Dated: March 26, 2013        By: */s/ Paul A. Lesko*
        Paul A. Lesko – E.D. Mo. Bar No. 51914
        One Court Street
        Alton, IL 62002
        (618) 259-2222
        (618) 259-2251-*facsimile*
        plesko@simmonsfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2013, I electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record:

        /s/ Paul A. Lesko_____