IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PURZEL VIDEO GMBH, | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) Case No. 4:12-cv-02292-AGF ) |
| DOES 1-91, | ) **JURY TRIAL DEMANDED** ) |
| *Defendants.* | ) ) ) |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS PURSUANT TO FED. R. CIV. P. 4(m)

**I. Introduction**

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's Motion Picture on the Internet. At the time of filing, Plaintiff was only able to identify the Doe Defendants by limited information including their Internet Protocol ("IP") Addresses and the dates and times of alleged infringement. As described in its Memorandum in Support of its Motion for Expedited Discovery, the only way that Plaintiff could determine Defendants' actual names was from the Defendants' Internet Service Providers ("ISPs"). Docket No. 6.

This Court entered an order on December 18, 2012 allowing early discovery. Pursuant to this Order, Plaintiff has served third-party subpoenas on the Does' ISPs. Plaintiff is still awaiting production of over one third of the Does' identifying information. Plaintiff has been in touch

1

with the subpoenaed ISPs, and is confident, with the exception of one ISP, that the requested information is being produced as quickly as possible. However, the Does' identifying information will not likely be produced to Plaintiff by the service deadline of July 12, 2013.

Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has received the identifying information for all Defendants (*i.e.*, 90 days from July 12, 2013).

## II. Argument

### a. Upon a Showing of Good Cause, the Court Must Extend the Time for Service on Defendants.

Pursuant to Federal Rule of Civil Procedure Rule 4(m), a defendant must be served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "a court must extend the time for service for an appropriate period." *Id.*; *see also Rhodes v. Haynes*, No. 4:06CV1703, 2008 WL 352395 (E.D. Mo. Feb. 7, 2008) ("[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service.") *Id.* at *1, (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)) (emphasis in original). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. *Id.*

This Court has employed a flexible approach to determining the good cause standard for extending time under Rule 4(m), noting that "[t]here is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)." *Rohrbough v. Hall*, No. 4:07CV00996, 2008 WL 4722742, at *1 (E.D. Mo. Oct. 23, 2008) (*quoting Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 613 (8th Cir. 2003)). Good cause does, however, require a showing of "at least 'excusable neglect' – good faith and some reasonable

2

basis for noncompliance with the rules." *Id.*

When a complaint involves unidentified, "Doe" defendants, courts have been sympathetic in allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### b. Plaintiff has Good Cause to Extend the Time Limit for Service.

Plaintiff can show both good cause and reasonable basis why it has not named and served the defendants in this case within the time set forth by this Court. Plaintiff's complaint was filed on December 12, 2012 and named Does 1-91 as Defendants. Docket No. 1. Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on December 18, 2012. *See* Docket Nos. 4, 8, and 9. Starting on December 27, 2012, Plaintiff served subpoenas on the non-party ISPs. The subpoenas requested production by March 15, 2013. Plaintiff has conferred with the ISPs and, while most of the ISPs are working diligently, production of information by July 12, 2013 is unlikely. Only three of the ISPs, Time Warner Cable, Inc., CenturyLink, Inc., and Comcast Corporation, have produced information, where available, for their respective Defendant Does. Plaintiff anticipates production from five other ISPs servicing a total of 15 Does, Mediacom Communications Corporation, CableAmerica Corporation, Cequel Communications LLC, Clearwire Corporation,

and Fidelity Communication International. One ISP, AT&T, Inc., servicing 24 Does, has objected to the subpoena. While Plaintiff will put forth its best efforts to attempt to resolve these issues with AT&T, Plaintiff anticipates that a motion to compel will be necessary.

Accordingly, good cause and reasonable basis exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received any subpoenaed identifying information for 39 of the 91 Doe Defendants and will not until after July 12, 2013. Second, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the remaining ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants. Again, the Doe Defendant already identified by Plaintiff has actual notice of the claims asserted, and none of the Defendants will be prejudiced by the granting of Plaintiff's request.

### III. Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case. In an abundance of caution, Plaintiff requests an additional 90 days from the pending July 12 deadline (until October 10, 2013) in which to effectuate service or voluntarily dismiss this case without prejudice.

Dated: July 11, 2013   Respectfully submitted,
                       Purzel Video GmbH

                    By its Attorneys,
                    SIMMONS BROWDER GIANARIS
                      ANGELIDES & BARNERD LLC

By:   /s/ *Paul A. Lesko*
      Paul A. Lesko
      One Court Street
      Alton, IL 62002
      Ph: 618.259.2222
      Fax: 618.259.2251
      plesko@simmonsfirm.com

*Counsel for Plaintiff Purzel Video GmbH*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of July, 2013, a true and accurate copy of the foregoing was filed via the Court's Electronic Case Filing system ("ECF") upon all counsel of record:

                      /s/ *Paul A. Lesko*
                      Paul A. Lesko - Simmons, Browder,
                      Gianaris, Angelides & Barnerd, LLC